[No. 14444. In Bank. — November 23, 1891.]

## ARROYO DITCH AND WATER COMPANY, PETI-TIONER, *v.* SUPERIOR COURT OF LOS ANGELES COUNTY, RESPONDENT.

CONSTITUTIONAL LAW — JURISDICTION OF SUPERIOR COURT — LEGALITY OF " ASSESSMENT " — CONSTRUCTION — MAXIM — CORPORATIONS — ASSESS-MENT UPON STOCK.— The term " assessment," used in section 5, article VI., of the constitution, conferring jurisdiction upon the superior court in cases at law which involve the legality of any tax, impost, assessment, toll, or municipal fine, should be construed in view of the maxim, *noscitur a sociis,* and does not include assessments made under section 331 of the Civil Code, by a private corporation upon its stockholders pursuant to contract, express or implied, but refers to such assessments as are au-thorized in relation to revenue and taxation, and such as may be made under the authority of a municipal or other public corporation to meet the cost or expense of a public improvement.

ID. — JURISDICTION OF JUSTICE'S COURT — ASSESSMENT BY PRIVATE CORPO-RATION — CONSIDERATION OF NOTE. — Where the consideration of a note sued upon in a justice's court by a private corporation to which the note was executed is assailed upon the ground that it was given for an illegal assessment upon the stock of the corporation plaintiff, the justice's court having jurisdiction of the amount of the note has full jurisdiction to determine all questions relating to the assessment, and has no author-ity to certify the pleadings to the superior court.

ID. — TRANSFER OF JURISDICTION — DETERMINATION OF JUSTICE — RES ADJUDICATA. — The justice cannot divest himself of jurisdiction which he possesses, or transfer it to the superior court which does not possess it under the constitution, by certifying the pleadings to the county clerk; nor does his determination of the question of jurisdiction in advance of the trial of the cause have the effect of a judgment, or conclude that question.

ID. — SUPERIOR COURT — ORIGINAL AND APPELLATE JURISDICTION. — The jurisdiction of the superior court in causes transferred to it under section 838 of the Code of Civil Procedure is original, and not appellate; and if it would have had no jurisdiction if the action had been commenced therein, it can have none by the filing of pleadings certified by a justice of the peace. It cannot exercise original jurisdiction in those matters in which its jurisdiction is only appellate.

ID. — EXERCISE OF JURISDICTION—PRESUMPTION — RECORD EVIDENCE.— Although the exercise of jurisdiction is presumed rightful, yet if it appears from the records of the court in any matter that it had not acquired jurisdiction, either of the subject-matter or of the parties, this presumption is destroyed. It cannot exercise jurisdiction until it has acquired it in the mode prescribed by statute.

ID. — DETERMINATION OF JURISDICTION — JUDGMENT. — The superior court cannot acquire jurisdiction of a cause improperly transferred to it from a justice's court by thereafter determining that it has jurisdiction, and proceeding in the trial of the cause and rendering judgment therein.

ID. — ESTOPPEL — TRIAL AFTER OBJECTION — WRIT OF REVIEW — AMENDMENT OF JUDGMENT.— The fact that the plaintiff proceeded to trial in a case so improperly transferred to the superior court after his objection to the jurisdiction has been overruled, does not estop him from afterwards questioning the jurisdiction of that court by a writ of review.

WRIT of review to annul proceedings and judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*Holloway & Kendrick,* for Petitioner.

A share-holder's liability for his unpaid assessment is founded upon contract, and the justice's court has jurisdiction. (*Alpers* v. *Superior Court,* 3 West Coast Rep. 326.) An assessment by a private corporation was not within the meaning of section 5, article VI., of the constitution. (*Taylor* v. *Palmer,* 31 Cal. 241; *Weeks* v. *City of Milwaukee,* 10 Wis. 203, 204.) The maxim, *Noscitur a sociis,* applies. (Broom's Legal Maxims, 433.)

*Robinson, Willis & Appel,* for Respondent.

The superior court acquired jurisdiction under the order of transfer and filing of the papers with the clerk. (Code Civ. Proc., sec. 838.) The words "any assessment" are unrestricted, and include calls upon the subscribed stock of a corporation. "Assessment" is not synonymous with "taxation." (Bouvier's Law Dict.,

tit. Assessment; Burrill's Law Dict., tit. Assessment; *Palmer* v. *Stumph,* 29 Ind. 333; *Spangler* v. *I. & I. C. R. R.,* 21 Ill. 276; *Protestant Foster Home* v. *Mayor,* 36 N. J. L. 479.) The codes must be construed together, and the word " assessment," found in the Civil Code, is used with reference to private corporations. The superior court assumed jurisdiction, and rendered judgment. The petitioner has a right of appeal to this court, and the writ should be dismissed. (*Slavonic I. M. B. A.* v. *Superior Court,* 65 Cal. 500; *Newman* v. *Superior Court,* 62 Cal. 545.)

Harrison, J.— The plaintiff, a private corporation, brought an action against one E. J. Standlee, in the justice's court for Downey township, in Los Angeles County, upon a promissory note for twenty-one dollars, executed to it by him. The defendant filed a verified answer to the complaint, alleging that the sole consideration for which the note had been given was a pretended assessment by the plaintiff upon its capital stock (of which he held a certain number of shares), and that the said assessment was illegal and void. Upon filing the answer, the defendant moved the court to transfer the action to the superior court, upon the ground that it necessarily involved the question of the legality of an assessment, and thereupon the court suspended all further proceedings in the action, and certified the pleadings to the county clerk of Los Angeles County. After the pleadings had been filed with the county clerk, the plaintiff moved the superior court to remand the cause to the justice's court upon the ground that that court erred in transferring the cause to the superior court, and that the superior court had no jurisdiction of the matter. This motion was denied, and the court thereafter tried the cause, and rendered a judgment in favor of the defendant. At the instance of the plaintiff, a writ of review was issued out of this court to the superior court, and in obedience thereto a transcript of the records and proceedings of that court in the matter has been certified to this court.

The constitution, article VI., section 5, declares that "the superior court shall have original jurisdiction . . . . in all cases at law which involve the . . . . legality of any tax, impost, assessment, toll, or municipal fine." The term "assessment," used in this provision, does not include the installments or "calls," which are sometimes termed assessments, made under the provisions of section 331 of the Civil Code, by a private corporation upon its stockholders in accordance with an agreement on their part, express or implied, to pay into its treasury the amount subscribed by them to its capital stock. It has reference to such assessments as are authorized by those provisions of the constitution which relate to revenue and taxation, and to such as may be made under the authority of a municipal or other public corporation for the purpose of meeting the cost or expense of some public improvement. (*Taylor* v. *Palmer*, 31 Cal. 241.) The other words in the clause, in connection with which the term is associated, serve to illustrate its meaning, and resolve any doubt that might otherwise be raised respecting the sense in which it is to be interpreted. Each of these subjects, viz., tax, impost, toll, municipal fine, of which jurisdiction is thus conferred upon the superior court, implies a charge imposed by public authority for some public purpose, and under the rules by which the maxim, *noscitur a sociis,* is applied, it is clear that the " assessment " referred to is of a kindred nature. Inasmuch, therefore, as the constitution has not conferred upon the superior court any original jurisdiction to determine the legality of the assessment alleged in the answer of the defendant, it follows that the justice's court had full jurisdiction to determine all questions relating to such assessment that might be presented upon the trial of the cause, and had no authority to certify the pleadings to the superior court.

The proposition of the respondent, that the determination of this question by the justice was conclusive, cannot be maintained. While a justice of the peace has jurisdiction to pass upon any question of fact or of

law which is involved in the trial of an issue properly before him, so that his judgment in the cause will be binding upon the parties in the absence of any appeal or review, yet he has not the jurisdiction in this summary mode to divest himself of jurisdiction, or to transfer a cause which is within his jurisdiction to a tribunal which has no jurisdiction to determine it. If in the present case he had tried the cause, and rendered judgment therein for the defendant upon the ground that the justice's court had no jurisdiction to determine the subject-matter presented by the defense, or to try the cause, an appeal could have been taken from that judgment to the superior court, and the superior court would then have had the power, under its appellate jurisdiction, to pass definitively upon the question. He could not, however, determine the question in advance of trying the cause, and give to such determination the effect of a judgment.

Nor did the superior court acquire jurisdiction of the cause by the fact that the justice had certified the pleadings to the county clerk. The constitution has given to it original and appellate jurisdiction, but it can exercise its original jurisdiction only in those cases provided by the constitution, and its appellate jurisdiction only in such cases as may be prescribed by law. It cannot exercise original jurisdiction in those matters in which its jurisdiction is only appellate. The jurisdiction that it exercises under the provisions of section 838 of the Code of Civil Procedure is original, and not appellate, and the provision in that section, that " from the time of filing such pleadings or transcript with the clerk, the superior court shall have over the action the *same* jurisdiction as if it had been commenced therein," implies that if it would have had no jurisdiction over the action if it had been commenced therein, it can have no jurisdiction by the filing of the pleadings certified by the justice.

Although the exercise of jurisdiction by the superior court will be presumed to have been rightful, yet if it appears upon its own records of its action in any matter

that it had not acquired jurisdiction either of the subject-matter or of the parties, this presumption is destroyed. It cannot exercise jurisdiction in any instance until after it has acquired it, and it can acquire it only in the mode prescribed by statute. Merely certifying to the county clerk by a justice of the peace the pleadings in a case pending before him does not confer jurisdiction upon the superior court of a matter of which jurisdiction has not been conferred upon it by the constitution. Nor does it acquire jurisdiction of the parties to that cause by thereafter determining that it has jurisdiction, and by proceeding in the trial of the cause, and rendering judgment therein. The fact that a party, after his objection to the jurisdiction of a court has been overruled, proceeds under such objection to try the cause does not preclude him from thereafter questioning the power of the court to take any steps in the matter. (*Lyman* v. *Milton*, 44 Cal. 630; *Harkness* v. *Hyde*, 98 U. S. 479.)

If the court never acquired jurisdiction over him, it does not acquire it because he may have chanced to be in the court-room when the case was called for trial, and while protesting against the trial, endeavors to protect his rights against the claims of his adversary. "The jurisdiction of the [superior] court under section 838 was special, and that court could hear and determine the cause only after the pleadings before the justice were filed with its clerk. The [superior] court had jurisdiction only because the pleadings had before the justice and filed with its clerk presented the issue of the legality or validity of the tax or impost, and could then take jurisdiction only for the purpose of trying the issue as to the legality of the tax or impost; since, the amount being less than three hundred dollars, the justice's court had jurisdiction to pass upon every other issue." (*Santa Cruz* v. *Santa Cruz R. R. Co.*, 56 Cal. 147.)

Inasmuch as the only mode in which it is claimed that the superior court acquired any jurisdiction of the action brought by the plaintiff against Standlee was from the act of the justice of the peace in certifying the plead-

ings therein to the county clerk, and as we have seen that such act was unauthorized, it follows that the action was never legally before the superior court for determination, and that it was without any jurisdiction to render a judgment in the case.

It is therefore ordered that the judgment of the superior court, and all orders and proceedings by it taken in the case, be and they are hereby annulled.

SHARPSTEIN, J., GAROUTTE, J., DE HAVEN, J., PATERSON, J., McFARLAND, J., and BEATTY, C. J., concurred.