[No. A024542. First Dist., Div. Two. May 22, 1986.]

WAYNE CARDELLINI et al., Plaintiffs and Appellants, v.
MELVIN CASEY et al., Defendants and Respondents.

392

[redacted]

**COUNSEL**

Richard E. Gardella for Plaintiffs and Appellants.

David E. Schricker, City Attorney, Dennis C. Beougher, Assistant City Attorney, and Kahala-Ann Trask Gibson for Defendants and Respondents.

**OPINION**

**KLINE, P. J.**—Appellants Wayne and Lorraine A. Cardellini appeal from an order transferring this case to the municipal court as a matter outside the jurisdiction of the superior court. The sole issue presented is whether this transfer was proper.

### STATEMENT OF FACTS

The facts essential to the jurisdictional question are undisputed. Appellants own two plots of land in the City of Woodside, California, which receive water service from the City of Redwood City. The dispute between the parties arises from a fee of $6,554.63 charged for connection of appellants' newly built home to Redwood City's water supply via a water main constructed by Melvin Casey, a private developer.

In November 1978, the Redwood City Council adopted resolution number 8611, which added sections 15(a) and 15(b) to the rules and regulations of the city water department. Section 15(a) establishes a procedure by which the water department will consider applications for extensions to its water distribution system, built at the applicant's cost. Section 15(b) authorizes the city to enter refunding agreements with applicants who have installed such extensions, to permit the applicants to obtain partial reimbursement from owners of property fronting upon the extensions who subsequently seek to connect to them. Such refunds would be based on engineering and

construction costs (determined by the director of public works to be reasonable) and include a sum based on the San Francisco Bay Area cost of construction index. The city would undertake to "make its best efforts to collect a refund for the applicant" but not be responsible for it in the event of a legal challenge; property owners would be required to pay the specified fee to the city as a condition of connection to the water main extension.

After constructing the water main extension at issue in this case, respondent Casey entered an agreement with the city, pursuant to section 15(b) above, which made three lots subject to a refund fee in the event of subsequent connection to the main. Appellants' lot number 36 is one of the three specified.

In 1981, construction of appellants' home, partially on each of their lots numbers 36 and 53, was completed. In order to receive water service, appellants' property was connected to the water line constructed by Casey, rather than to a preexisting city water line which appellants claim previously served their property.[1] Appellants were charged $550 in connection fees under the Redwood City Code, plus an additional fee of $6,554.63 under the agreement between the city and Casey. Appellants paid the latter fee under protest and received water service.

Having tendered the $6,554.63 and made claim upon the city for that amount, appellants brought an action in superior court against the city and Casey, for declaratory relief and damages of $6,554.63. The cause of action for declaratory relief alleged that the Casey agreement arbitrarily assigned costs to only some of the parcels abutting the water main extension; afforded Casey recovery of more than the reasonable cost of the facility; and was unauthorized under the city's governing documents and state law. In this regard, appellants contend that the city charter, section 74, required that procedures for laying of pipes be established by *ordinance,* rendering a connection fee authorized by resolution invalid; that an ordinance exists which would require a less substantial connection fee than the one charged; that the fee charged violates requirements of state law that municipal utility rates be uniform and nondiscriminatory; and that the Casey agreement is invalid because signed by an official other than one of those designated in the city charter as authorized to bind the city.

The superior court found that no equitable relief was sought in this action and referred the matter to arbitration. Appellant requested a *trial de novo*

---

[1]Respondent city states that appellants sought to connect to Casey's water line; appellants claim that the city "refused to allow re-connection to an existing water line and compelled" connection to the new line.

(Code Civ. Proc., § 1141.20). After unreported conferences, the case was transferred to municipal court as "a matter outside the jurisdiction of the superior court."

DISCUSSION

A.

*Declaratory Relief as the Basis for Superior Court Jurisdiction*

■ Appellants contend that the trial court erred in transferring this case to the municipal court because the complaint stated a sufficient cause of action for declaratory relief. The municipal court has jurisdiction over equitable actions only as expressly conferred by statute (2 Witkin, Cal. Procedure (3d ed. 1985) Courts, §§ 201, 202, pp. 228-230); an action for declaratory relief is not one of those enumerated. (Code Civ. Proc., § 86.) Rather, the Code of Civil Procedure expressly provides that actions for declaratory relief are to be brought in the superior court. (Code Civ. Proc., § 1060.)[2]

■ "A complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the parties under a written instrument or with respect to property and requests that the rights and duties of the parties be adjudged by the court. . . . If these requirements are met and no basis for declining declaratory relief appears, the court should declare the rights of the parties whether or not the facts alleged establish that the plaintiff is entitled to favorable declaration." (*Wellenkamp* v. *Bank of America* (1978) 21 Cal.3d 943, 947 [148 Cal.Rptr. 379, 582 P.2d 970] [citations omitted].) In order to obtain declaratory relief, "'[T]he controversy must be of a character which admits of specific and conclusive relief by judgment within the field of judicial determination, as distinguished from an advisory opinion upon a particular or hypothetical state of facts. The judgment must decree, and not suggest, what the parties may or may not do.'" (*Zetterberg* v. *State Dept. of Public Health* (1974) 43 Cal.App.3d 657, 661 [118 Cal.Rptr. 100];

---

[2]Code of Civil Procedure section 1060 provides, in pertinent part: "Any person interested under a deed, will or other written instrument, or under a contract, or who desires a declaration of his rights or duties with respect to another, or in respect to, in, over or upon property, or with respect to the location of the natural channel of a watercourse, may, in cases of actual controversy relating to the legal right and duties of the respective parties, bring an original action in the superior court . . . . He may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of such rights or duties, whether or not further relief is or could be claimed at the time . . . ."

*Selby Realty Co.* v. *City of Buenaventura* (1973) 10 Cal.3d 110, 117 [109 Cal.Rptr. 799, 514 P.2d 111].)

■ Although the superior court may deny declaratory relief, it may not transfer an action stating a sufficient claim for declaratory relief to the municipal court. (*Cook* v. *Winklepleck* (1936) 16 Cal.App.2d Supp. 759, 764 [59 P.2d 463].) If, however, a complaint seeking declaratory and incidental monetary relief shows that declaratory relief is "not necessary or proper at the time under all the circumstances," the complaint is "in truth [] merely one for the consequential relief of damages" (*id.*) and, if the damages sought are within the municipal court's jurisdictional amount,[3] the case belongs in municipal and not superior court. (*Id.*)

■ As a general rule, the superior court has no jurisdiction over an action in which "1. there is a fully matured cause of action for money; 2. the demand is within the jurisdiction of an inferior court; 3. a money judgment for plaintiff or a judgment in defendant's favor will fully and finally resolve the dispute between the parties; and 4. there is no occasion for any declaration concerning their future conduct." (*Bachis* v. *State Farm Mutual Auto. Ins. Co.* (1968) 265 Cal.App.2d 722, 727 [71 Cal.Rptr. 486].) An exception to this rule exists where a suit for damages would not be as "'speedy and adequate or as well suited to the plaintiff's needs as declaratory relief.'" (*Warren* v. *Kaiser Foundation Health Plan, Inc.* (1975) 47 Cal.App.3d 678, 683 [121 Cal.Rptr. 19].) Thus, when the parties maintain a contractual relationship which will continue after resolution of the immediate dispute, and may give rise to additional claims, declaratory relief can help guide their future conduct and avoid multiple lawsuits. (*Id.,* at p. 684; *Southern Counties Gas Co.* v. *Ventura Pipeline Constr. Co.* (1971) 19 Cal.App.3d 372, 381 [96 Cal.Rptr. 825].)

■ In the present case, it appears that "the rights of the complaining party have crystallized into a cause of action for past wrongs" (*Travers* v. *Louden* (1967) 254 Cal.App.2d 926, 929 [62 Cal.Rptr. 654]), that a money judgment will fully resolve the dispute, and that no continuing relationship exists to justify a declaration of future rights. Appellants are receiving water service; all that remains is to determine the propriety of the $6,554.63 charge under the city's agreement with Casey, resolution and ordinance. Since only one of appellants' lots is mentioned in the Casey agreement, there is no possibility of a future dispute under this agreement. Although there is potential for a future dispute with the city if appellants' second lot is made subject to a different refunding agreement, such an eventuality is

---

[3]The municipal court has jurisdiction of cases involving claims of $15,000 or less (Code Civ. Proc., § 86); the claim in this case is for $6,554.63.

clearly speculative and does not therefore present an actual controversy which can be resolved by means of declaratory judgment. (*Zetterberg* v. *State Dept. of Public Health, supra,* 43 Cal.App.3d 657, 661.)

■ Although appellants correctly state that the interpretation of charters, statutes and ordinances is an appropriate subject for declaratory relief (*Walker* v. *County of Los Angeles* (1961) 55 Cal.2d 626, 637 [12 Cal.Rptr. 671, 361 P.2d 247]), "'a declaratory judgment may not be rendered in respect to them in disregard of the customary limitations upon the granting of such relief.'" (*Zetterberg, supra,* 43 Cal.App.3d at p. 662, quoting *Monahan* v. *Dept. of Water & Power* (1941) 48 Cal.App.2d 746, 751 [120 P.2d 730].) Nor is declaratory relief necessary here, since the validity of the challenged documents must necessarily be resolved in an action to recover the $6,554.63. Appellants contend that, aside from the issue of the validity of the city's actions with respect to the connection fee, the question of appellants' right to have been connected to the preexisting water line rather than to Casey's would *not* be covered by resolution of a claim for monetary relief. While it is true that this issue would not *necessarily* be resolved in the context of a damages cause of action,[4] the issue is not thereby made a fitting subject of declaratory relief. The claim is simply another basis for invalidating the city's charge of the $6,554.63 connection fee: if the decision was improper, there was no basis for imposing the fee. Just as the validity of the city's actions regarding the Casey contract, the propriety of the initial decision to require connection to the new water line concerns a *past wrong* with no implications for future conduct of the parties. Appellants have been connected to the city water supply; if they were entitled to be connected through the preexisting line, thereby avoiding the Casey contract, refund of the $6,554.63 will fully compensate the harm suffered.

B.

### Municipal Court Subject Matter Jurisdiction

■ While the trial court would thus have been correct in deciding that this case was outside the jurisdiction of the superior court on the basis that it merely seeks damages for a matured claim (*Bachis* v. *State Farm Mutual*

---

[4]A disposition in favor of appellants on the validity of the $6,554.63 fee on the basis of construction of the agreement and city rules would render irrelevant as a practical matter the question of the original connection decision, giving appellants complete relief without declaratory judgment. An unfavorable disposition on this ground, however, would not give complete relief: it is possible that a trial court might find that the city had authority to enter its agreement with Casey, and therefore to charge the $6,554.63, yet find that the city should have enabled appellants to connect to the preexisting water line, avoiding application of the Casey contract altogether.

*Auto. Ins. Co., supra,* 265 Cal.App.2d 722),[5] it appears that the subject matter of the case brings it outside the jurisdiction of the municipal court. The jurisdiction of the municipal court "is limited by the Constitution to that prescribed by the Legislature (Cal. Const., art. VI, § 5)." *(Bloniarz v. Roloson* (1969) 70 Cal.2d 143, 147 [74 Cal.Rptr. 285, 449 P.2d 221].) Under Code of Civil Procedure section 86, subdivision (a)(1), the municipal court is expressly denied authority over cases involving "the legality of any tax, impost, assessment, toll, or municipal fine, . . . ." The charge in this case appears to us to fall within this definition, thereby precluding municipal court jurisdiction even though the claim is within that court's jurisdictional amount.

█ A special, or local, assessment "is a charge imposed on particular real property for a local public improvement of direct benefit to that property, as for example a street improvement, lighting improvement, irrigation improvement, sewer connection, drainage improvement, or flood control improvement," assessed because the property "has received a special benefit over and above that received by the general public." *(Solvang Mun. Improvement Dist.* v. *Board of Supervisors* (1980) 112 Cal.App.3d 545, 552 [169 Cal.Rptr. 391].)[6] An assessment is imposed "for the purpose of paying the cost of the improvement." *(Taylor* v. *Palmer, supra,* 31 Cal. 240, 254.) The fee at issue here was imposed by the city, as a condition of providing water service, in order to reimburse the cost of construction of the pipe line. Appellants clearly challenge its legality. Respondents, however, contend that the fee is not an assessment because it reimburses a private expenditure which the city has no legal obligation to repay.

█ An assessment is clearly involved when a governmental body imposes a charge to reimburse the cost of an improvement which it initiates. *(Solvang*

---

[5]The record does not disclose the actual basis of the trial court's decision. The order transferring the case to the municipal court simply states that the matter is outside the jurisdiction of the superior court. Prior to this order, in referring the case to arbitration, the court indicated that the action "does not contain a prayer for equitable relief." It is unclear to us how this conclusion could have been reached given the clear allegations of the complaint, and we are given no other hint as to the basis of the trial court's conclusion on the jurisdictional issue.

[6]The charge in this case does not appear to be a "tax." "Assessments" and "taxes" differ in that the former are charges "for benefits conferred" *(County of Santa Barbara* v. *City of Santa Barbara* (1976) 59 Cal.App.3d 364, 379 [130 Cal.Rptr. 615]) while the latter are charges "'imposed by or under the authority of the legislature, for public purposes.'" *(Crawford* v. *Herringer* (1978) 85 Cal.App.3d 544, 548 [149 Cal.Rptr. 578], quoting *City of Madera* v. *Black* (1919) 181 Cal. 306, 319 [184 P. 397].) Taxes are imposed for the support of the government; assessments for the purpose of improvements benefitting particular properties. *(Taylor* v. *Palmer* (1866) 31 Cal. 240, 250.) A charge which reimburses a public entity for a service rendered, in an amount limited to its expenses, and not levied on a regular or routine basis, is not a tax or assessment. *(Crawford* v. *Herringer, supra,* 85 Cal.App.3d 544, 550 [charge for candidate's share of costs of printing election pamphlet].)

*Mun. Improvement Dist.* v. *Board of Supervisors, supra,* 112 Cal.App.3d 545; *County of Fresno* v. *Malmstrom* (1979) 94 Cal.App.3d 974 [156 Cal.Rptr. 777]; *Northwestern etc. Co.* v. *St. Bd. Equal.* (1946) 73 Cal.App.2d 548, 552 [166 P.2d 917].) On the other hand, it has been established that an assessment by a private corporation, for its own purposes, is not what is contemplated by the jurisdictional limitation of consideration by the municipal court of the legality of "assessments." (*Arroyo D. & W. Co.* v. *Superior Court* (1891) 92 Cal. 47, 50 [28 P. 54] [assessment by corporation upon its capital stock.]) ▉▉▉ What complicates the present case is that the fee is charged by the city, yet reimburses expenditures undertaken by, and at the instigation of, a private party: Casey voluntarily constructed a water main and *then* entered an agreement with the city whereby he might obtain partial reimbursement for his construction costs.

The essential factor for our analysis is the purpose served by the connection fee. By the terms of the California Constitution, "The use of all water now appropriated, or that may hereafter be appropriated, for sale, rental, or distribution, is hereby declared to be a public use, and subject to the regulation and control of the State . . . ." (Art. X, § 5.) Municipal corporations are authorized to establish, purchase, and operate public works to furnish water and other utilities. (Art. X, § 9.) The furnishing of utilities is a municipal and public function. (*Irish* v. *Hahn* (1929) 208 Cal. 339, 344 [281 P. 385, 66 A.L.R. 1382]; *County of Riverside* v. *Whitlock* (1972) 22 Cal.App.3d 863, 877 [99 Cal.Rptr. 710].) Utility distribution systems, including water mains, are public improvements. (*Irish* v. *Hahn, supra,* at pp. 345-346.)

▉▉▉ The fee imposed by Redwood City was a condition of connection to the city's water distribution system. Appellants' land was subject to the fee because, under the Casey agreement, it was one of the plots which would benefit from Casey's water main. The fee thus serves the purpose of an assessment—repayment of costs of a public improvement—whether it is ultimately paid over to a private party or remains in the city's hands.[7] Respondent city characterizes its role simply as a facilitator of a private arrangement. There is, however, no contractual relationship between appellants and Casey. Moreover, it is apparent that appellants sought provision of city water, not connection to Casey's line in and of itself. From the land owner's point of view, the contested fee represents a mandatory condition

---

[7]We note that municipalities are authorized to require subdivisions to install supplemental improvements for the benefit of property not within the subdivision (Gov. Code, § 66485.) In such a case, the local agency must reimburse the subdivider for the additional cost of such improvements and may do so through assessments on the benefitted property. (Gov. Code, §§ 66486, 66487.) By analogy, it would appear that a fee charged to reimburse an improvement voluntarily dedicated to public use should also be viewed as an assessment.

of receiving water service despite the fact that it was to be paid to a private party under the terms of a contract entered by the city. The propriety of the city's undertaking this type of agreement with a private developer, and of the method of assessment utilized,[8] are precisely the issues to be litigated below.

We find that this case involves legality of an assessment and is therefore outside the jurisdiction of the municipal court. The order transferring the case to municipal court is vacated, and the case remanded to superior court.

Rouse, J., and Smith, J., concurred.

---

[8]Respondents appear to suggest that the fee here was not an assessment because it was not determined according to the formal procedural requirements for enacting assessments. The fact that such procedures were not followed here, however, would be less an indication that the fee was not an assessment than that it may have been improperly imposed.