BILL LOCKYER Attorney General THOMAS S. LAZAR Deputy Attorney General
THE HONORABLE ROBERT WESTMEYER, COUNTY COUNSEL, COUNTY OF NAPA, has requested an opinion on the following question:
Are cities exempt from paying documentary transfer taxes when acquiring title to real property?
CONCLUSION
Cities are exempt from paying documentary transfer taxes when acquiring title to real property.
ANALYSIS
The Constitution states in part: "The Legislature may not impose taxes for local purposes but may authorize local governments to impose them." (Cal. Const., art. XIII, § 24.) One tax local governments may impose is a tax upon conveyances of real property as authorized under the Documentary Transfer Tax Act (Rev. Tax. Code, §§11901- 11934; "Act")[1]. The Act provides numerous exemptions from the tax (§§ 11921-11930), including when a government agency is acquiring title to real property. Section 11922 states:
"Any deed, instrument or writing to which the United States or any agency or instrumentality thereof, any state or territory, or political subdivision thereof, is a party shall be exempt from any tax imposed pursuant to this part when the exempt agency is acquiring title."
The question presented for resolution concerns whether cities constitute a "political subdivision" of the state for purposes of section11922. If they do, the exemption from the documentary transfer tax would apply when they acquire title to real property. We conclude that cities are exempt under this statutory provision.
For some purposes, cities constitute a "political subdivision" of the state, and for other purposes they do not. (See, e.g., Gov. Code, §§8557, subd. (c), 8698, subd. (a), 12650, subd. (b)(3), 53060.1, subd. (a), 53208.5, subd. (a), 53217.5, subd. (a); Health Saf. Code. §§ 33761, 129010, subd. (q); Lab. Code, § 1721; Mil. Vet. Code, §1260, subd. (a); Pub. Util. Code, §§ 1402,1502, , subd. (a), 21010, 21690.6; Rev. Tax. Code, § 8732.1; compare Abbott v. City of Los Angeles (1958) 50 Cal.2d 438, 466-468; Blum v. City and County of San Francisco (1962) 200 Cal.App.2d 639, 643-644; Otis v. City of Los Angeles (1942)52 Cal.App.2d 605, 611-612; with Hunter v. City of Pittsburg (1907)207 U.S. 161, 178; Board of Supervisors v. LAFCO (1992) 3 Cal.4th 903,914-916; Weber v. City Council of Thousand Oaks (1973) 9 Cal.3d 950,957; Curtis v. Board of Supervisors of Los Angeles County (1972)7 Cal.3d 942, 951.)
The Legislature has not defined the term "political subdivision" for purposes of section 11922. Has the Legislature given any indication of what it intended when it enacted the statute? We were presented with a similar question in 56 Ops.Cal.Atty.Gen. 79 (1973), involving county water districts. We noted that a county water district could be considered a "political subdivision" of the state for some purposes but not for others. (Id. at pp. 80-81.) We then analyzed the terms of section 11922 as follows:
"It is fundamental that the objective sought to be achieved by a statute as well as the evil to be prevented is of prime consideration in its interpretation. . . .
"Thus in deciding the matter at hand, there are different California authorities which could be mechanically cited in favor of or against the inclusion of county water districts within the term "political subdivision.' The procedure indicated by the California authorities . . . is to avoid mechanical labeling and to seek to discover whatever legislative intent can be found regarding the scope of the term "political subdivision' as used in the particular statute at hand, section11922 of the Revenue and Taxation Code.
". . . . . . . . . . . . . . . . . . .
"It is more than coincidental that as of the date the California act became operative, the federal stamp tax on conveyances ( 26 U.S.C. § 4361-4363) became inapplicable by amendment to 26 United States Code section 4361. Section 4361 of the federal act had imposed a tax in the same language as was specified by California in section11911 of the Revenue and Taxation Code in describing the tax counties could impose. Similarly, the terms of section11922 of the Revenue and Taxation Code were taken almost totally from the exemption in section 4362(b) of the federal act.
"The interpretation placed upon federal statutes with language similar to that of state statutes is persuasive in construing the state statutes. [Citations.] Thus, it is reasonable to look to the federal construction here when interpreting the California Documentary Transfer Tax Act [citation].
". . . . . . . . . . . . . . . . . . . .
"[A]t the time the California Legislature adopted almost all of the language of 26 United States Code section 4362(b) in enacting section11922 of the Revenue and Taxation Code, the term "political subdivision' as used in both statutes was intended to be broad enough to include special districts such as the county water district here involved. "The 1969 amendments to section 11922, which provided its present form, only strengthen this conclusion. Besides clearly providing that no party need pay the tax when a qualifying entity is acquiring title, the section as presently worded indicates by its use of the term "exempt agency' as an all-inclusive term that if the entity involved can be classified as a governmental agency, it is exempt from the tax.
". . . . . . . . . . . . . . . . . . . . .
"Given all the above considerations, it would appear that the Legislature intended in its enactment and amendment of section 11922
of the Revenue and Taxation Code to have included such special districts as county water districts within the coverage of the exemption contained therein. The Legislature obviously intended that the counties be able to derive revenue by filling the vacuum left by the lapsing of the federal stamp tax on conveyances, but apparently it did not want these new county taxes to increase the expenses and thus indirectly cause the increase of taxes levied by such governmental agencies as county water districts." (Id. at pp. 81-84, fns. omitted.)
This same analysis may be made with respect to cities. Cities were exempt from the federal tax under the prior law. (Rev. Rul. 58-161, 1958-1 Cum. Bull. 42.) The Legislature meant to continue this exemption for cities when it used the identical term of "political subdivision" in section11922. The Legislature did not intend to allow imposition of a local tax upon cities not previously imposed under the federal law when it specified the identical terminology.
The courts have followed this line of reasoning in interpreting other provisions of the Act, construing their language consistent with the administrative construction of identical language contained in the prior federal law. (See Brown v. County of Los Angeles (1999) 72 Cal.App.4th 665,668; Thrifty Corp. v. County of Los Angeles (1989) 210 Cal.App.3d 881,884; see also 82 Ops.Cal.Atty.Gen. 56, 58-59 (1999); 62 Ops.Cal.Atty.Gen. 87, 89-90 (1979).)[2]
Finally, our construction of section 11922 is supported by its legislative history. When the statute was originally enacted in 1967, the Legislative Analyst broadly observed: "Federal, state and local government agencies are exempted from the tax." (Legis. Analyst, analysis of Sen. Bill No. 837 (1967 Reg. Sess.) as amended June 28, 1967.) When section 11922 was amended in 1969 by two separate legislative bills, the Legislative Analyst again broadly described the legislation in part as: "exempts all parties from the documentary transfer tax when a government agency is acquiring title to the property" (Legis. Analyst, analysis of Sen. Bill No. 38 (1969 Reg. Sess.) as amended May 14, 1969) and "[t]his bill by shifting the exemption from the unit of government to the document itself, in effect, extends the exemption to a private party involved in a transfer of realty when a unit of government is acquiring title" (Legis. Analyst, analysis of Sen. Bill No. 851 (1969 Reg. Sess.) as amended May 13, 1969). These general statements are consistent with the interpretation that when the Legislature used terms identical to the prior federal law, it meant to employ such terms as they had previously been construed under the federal law.
Accordingly, we conclude that cities are a "political subdivision" of the state for purposes of section 11922 and thus are exempt from paying documentary transfer taxes when acquiring title to real property[3].
[1] All further statutory references are to the Revenue and Taxation Code unless otherwise indicated.
[2] We do not view this analytical approach as irreconcilable with that contained in 51 Ops.Cal.Atty.Gen. 55, 57 (1968) and 51 Ops.Cal.Atty.Gen. 50, 52-53 (1968). of course, if different language were chosen by the Legislature, a different analysis would be required.
[3] Due to the conclusion reached, we need not address a second question concerning whether the term "fee" as used in Government Code sections 6103 or 27383 includes a documentary transfer tax.