Filed 5/22/15

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| CENTEX HOMES, | |
| Plaintiff and Appellant, | E060057 |
| v. | (Super.Ct.No. RIC1306704) |
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County. Richard J. Oberholzer, Judge. (Retired Judge of the Kern Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed.

Newmeyer & Dillon, Thomas F. Newmeyer, Joseph A. Ferrentino, Clayton T. Tanaka and Christina K. Kazarian for Plaintiff and Appellant.

The Aguilar law Group, A. Eric Aguilera and Raymond E. Brown for Defendants and Respondents.

1

I

INTRODUCTION

This insurance coverage dispute arises from underlying construction defect litigation in which Corona homeowners have sued the developer, plaintiff and appellant Centex Homes (Centex), for work performed by Centex's subcontractors. One of the subcontractors, Oak Leaf Landscape, Inc. (Oak Leaf), is insured by defendants and respondents, St. Paul Fire & Marine Insurance Company and St. Paul Mercury Insurance Company (Travelers). Centex is named as an additional insured on the Travelers's policy.

Centex appeals from an order and judgment sustaining without leave to amend defendants' demurrer to the seventh and eighth causes of action of the original complaint filed by Centex. The seventh and eight causes of action for declaratory relief are about insurance coverage and Centex's right to independent counsel pursuant to Civil Code section 2860. We agree with the trial court's ruling that the claims are neither "ripe" nor "actual" and affirm the judgment.[1]

II

FACTUAL AND PROCEDURAL BACKGROUND

The facts alleged in the complaint are taken as true for purposes of a demurrer.

_____

[1] We deny the request for judicial notice filed April 18, 2014. (Evid. Code, §§ 452 and 459; Cal. Rules of Court, rule 8.252.)

(*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)  We do not "assume the truth of contentions, deductions or conclusions of law."  (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.)

Centex alleges that it was a developer of single-family residences in Corona.  In May 2012, Centex was sued by Corona homeowners in Riverside County Superior Court for construction defects.  Centex tendered the defense to Travelers, which accepted the defense subject to a reservation of rights, including the right to choose defense counsel.  The Riverside litigation was stayed pending the Corona plaintiffs' compliance with the prelitigation procedures of the Right to Repair Act, Civil Code section 895 et seq.  In April 2013, the Corona plaintiffs served Centex with a notice of violations.

A.  *The Complaint*

In June 2013, Centex filed the present action against 57 subcontractors, alleging six causes of action for breach of contract to indemnify, defend, and obtain insurance, for equitable indemnity, and for contribution and repayment.  The complaint specifically alleges that Centex "has incurred, is incurring, and will incur defense fees and costs" to defend the Corona plaintiffs' claims, all of which are recoverable through defense and indemnity provisions in its agreements with its subcontractors and through various insurers who named Centex as an additional insured under general liability policies issued to the subcontractors.

The seventh and eighth causes of action are for declaratory relief against Travelers.  In the seventh cause of action, Centex alleges that the Corona homeowners are

suing for construction defects caused by subcontractors who were insured by Travelers and that Centex is a named additional insured. Consequently, Centex asserts Travelers is obligated to defend and indemnify Centex against the Corona homeowners' claims and Travelers breached its duty to defend by requiring a reservation of rights, seeking to obtain full reimbursement from Centex. Centex articulates the dispute and controversy with Travelers as follows: ". . . allocation . . . needs to be made . . . regarding the costs and fees associated with Centex Homes' defense in the Underlying Action. . . . [¶] Declaratory judgment is both proper and necessary, so that the respective rights, duties, and obligations of the Insurer Defendants, Centex Homes, and Subcontractor Defendants as to the allocation of Centex's defense fees and costs related to/arising from the Underlying Action may be determined."

In the eighth cause of action, Centex alleges that Travelers breached its duty to provide Centex "with a full, complete, immediate, and conflict free defense," causing Centex to incur defense costs. Centex further alleges that, by defending Centex under a reservation of rights and appointing its own "panel defense counsel," Travelers has created a conflict of interest with Centex, triggering the right to independent counsel. In particular, Centex contends Travelers is trying to limit the scope of its coverage to the work of its named insured, Oak Leaf. Furthermore, Travelers denies there is any covered "occurrence" or "property damage" under its policy. Centex argues Travelers is also competing with Centex by seeking recovery or reimbursement from other subcontractors and forcing Centex to share counsel with the subcontractors, while disadvantageously

4

controlling and manipulating Centex's defense, particularly the use of experts. For those reasons, Centex alleges it has an immediate need for independent counsel.

*B. The Demurrer*

In its demurrer, Travelers argued that Centex had not alleged any specific facts to demonstrate Travelers is manipulating the defense, thus entitling Centex to independent counsel. Furthermore, the allocation of defense costs and fees is premature because the amount of fees, the parties involved, and the relevant facts are still unknown. Centex, of course, adopted a contrary position. The trial court found that the seventh cause of action "is not ripe and therefore no cause of action is stated." As to the eighth cause of action, the court found "no actual present conflict of interest requiring independent counsel."

III

DISCUSSION

Centex argues that, to the extent Travelers controls the defense of both the subcontractors and Centex, Travelers can manipulate the litigation against Centex's interests, creating an ethical conflict requiring independent counsel: "There is a large block of authority recognizing what also seems relatively obvious: when an insured is obligated to provide defenses for two or more insureds with adverse interests, there is a sufficient conflict of interest that the insurer must provide independent counsel for each insured at its own expense." (14 Couch on Insurance (3d ed. 2014) § 202:24.) Additionally, Centex claims that, when Travelers seeks reimbursement of defense fees, its right to reimbursement and the issue of allocation must be resolved as part of the

5

action against the subcontractors. Therefore, Centex maintains the trial court erred in sustaining the demurrer and finding that Centex could not amend its complaint to state a cause of action against Travelers.

## A. *Standard of Review*

The appellate court conducts an independent review of the trial court sustaining a demurrer. (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415; *Hernandez v. City of Pomona* (1996) 49 Cal.App.4th 1492, 1497.) All material facts are admitted as true and the complaint is given a reasonable interpretation, reading it as a whole. (*Blank v. Kirwan, supra,* 39 Cal.3d at p. 318.) If the complaint, as liberally construed, can state a cause of action under any legal theory, it survives demurrer. (*Hernandez,* at p. 1497.) The denial of leave to amend is reviewed under an abuse of discretion standard. (*Id.* at pp. 1497-1498.) If there is a reasonable possibility that the complaint can be cured by amendment, a trial court abuses its discretion in refusing to allow the amendment. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

## B. *The Seventh Cause of Action*

A cause of action for declaratory relief may adjudicate future rights and liability between parties who have a relationship, either contractual or otherwise. (See *Cardellini v. Casey* (1986) 181 Cal.App.3d 389; *Bachis v. State Farm Mutual Auto Ins. Co.* (1968) 265 Cal.App.2d 722.) The pleader need not establish it is also entitled to a favorable judgment. (See *Ludgate Ins. Co. v. Lockheed Martin Corp.* (2000) 82 Cal.App.4th 592, 606.) To assert a cause of action for declaratory relief, Code of Civil Procedure section

1060 requires that there be an "*actual controversy* relating to the legal rights and duties of the respective parties," not an abstract or academic dispute. (*Connerly v. Schwarzenegger* (2007) 146 Cal.App.4th 739, 746-747.) "However, the courts will nevertheless evaluate in the context of a demurrer whether the factual allegations of the complaint for declaratory relief reveal that an actual controversy exists between the parties. (*Alameda County Land Use Assn. v. City of Hayward* (1995) 38 Cal.App.4th 1716, 1721-1722.) 'Sustaining a demurrer when the complaint reveals such a controversy constitutes error. [Citations.] [¶] Before a controversy is ripe for adjudication it "'must be definite and concrete, touching the legal relations of parties having adverse legal interests. [Citation.] It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" [Citations.]' (*Id.* at p. 1722.)" (*Otay Land Co. v. Royal Indemnity Co.* (2008) 169 Cal.App.4th 556, 562.)

In *Buss v. Superior Court* (1997) 16 Cal.4th 35, the California Supreme Court ruled that an insurer's right to reimbursement is limited: "[F]or what specific defense costs may the insurer obtain reimbursement from the insured? [¶] The answer is: Defense costs that can be allocated solely to the claims that are not even potentially covered." (*Id.* at p. 53.) *Buss* also held the insurer has the burden of proving that the defense costs can be allocated to claims that are not even potentially covered. (*Ibid.*) Based on *Buss*, Centex argues that how much, if any, reimbursement is ultimately

7

ordered is irrelevant to the question of whether a cause of action for declaratory relief can be stated in the complaint. Therefore, the controversy between Travelers and Centex is "actual" and needs to be decided by the court.

Centex identifies the following as disputed: (1) whether Travelers has the right to be reimbursed by Centex for all defense fees that relate to the work of subcontractors it did not insure; (2) whether Travelers has the right to be reimbursed for defense fees in proportion to the ultimate amount it pays for indemnity for the subcontractors it insures; and (3) whether Travelers has the right to reimbursement for all defense fees not related to property damage arising from the work of its named insured subcontractor, Oak Leaf.

When read carefully, Centex's claims are all anticipatory, not actual or ripe. It is still unknown whether Oak Leaf's work caused the property damage claimed by the Corona homeowners. The proportionate liability of all the subcontractors has also not been adjudicated. The amount of defense fees has not been established in the ongoing underlying litigation. Quite simply, there are not enough facts about liability, damages, or the cost of defense for the trial court to offer any declaration as to the rights and obligations of the parties. (*Wilson v. Transit Authority* (1962) 199 Cal.App.2d 716, 722; *State of California v. Pacific Indemnity Co.* (1998) 63 Cal.App.4th 1535, 1549; *County of San Diego v. State of California* (2008) 164 Cal.App.4th 580, 588.) Therefore, the trial court correctly determined the seventh cause of action is not "ripe"—although Centex may certainly be able to renew its claims at a later date.

8

*C.  The Eighth Cause of Action*

Centex also argues an actual and present controversy exists about whether a conflict of interest with Travelers requires independent counsel.  The trial court concluded that no such conflict existed yet at the pleading stage.  Centex asserts, in so ruling, the court disregarded California's strong public policy protecting the right to independent counsel.

Civil Code section 2860 (Section 2860) and California case law provide Centex, as an insured, with the right to obtain independent counsel paid for by Travelers, as Centex's insurer, whenever their competing interests create an ethical conflict for counsel.  "[T]he insurer is required to provide its insured with independent counsel of the insured's choosing 'who *represents* the insured, not the insurer.'"  (*Long v. Century Indemnity Co.* (2008) 163 Cal.App.4th 1460, 1469.)  Where an insurer asserts a reimbursement claim for defense costs, "[t]he potential for conflict requires a careful analysis of the parties' respective interests to determine whether they can be reconciled . . . or whether an actual conflict of interest precludes insurer-appointed defense counsel from presenting a quality defense for the insured."  (*Dynamic Concepts, Inc. v. Truck Ins. Exchange* (1998) 61 Cal.App.4th 999, 1007-1008; *Federal Ins. Co. v. MBL, Inc.* (2013) 219 Cal.App.4th 29, 42.)  An attorney's duty of loyalty to the client is so strong that it "forbids any act that would interfere with the dedication of an attorney's 'entire energies to [the] client's interests.'"  (*Flatt v. Superior Court* (1994) 9 Cal.4th 275, 289, quoting *Anderson v. Eaton* (1930) 211 Cal. 113, 116.)

A reservation of rights by an insurer does not necessarily constitute a conflict of interest requiring the insurer to provide independent counsel. The conflict must be "significant, not merely theoretical, actual, not merely potential." (*Dynamic Concepts, Inc. v. Truck Ins. Exchange, supra,* 61 Cal.App.4th at p. 1007; *Gafcon, Inc. v. Ponsor & Associates* (2002) 98 Cal.App.4th 1388, 1421; *James 3 Corp. v. Truck Ins. Exchange* (2001) 91 Cal.App.4th 1093, 1101-1102; see *Federal Ins. Co. v. MBL, Inc., supra*, 219 Cal.App.4th at p. 42.) Nor is a general reservation of rights sufficient to trigger the right to independent counsel: "Where the insurer has not expressly reserved its right to deny coverage under a particular exclusion in its policy, there can be no actual conflict based on the application of that exclusion during the pendency of the action." (*Federal Ins. Co.,* at pp. 44, 47.) Independent counsel may be required, however, "when an insurer reserves its rights on a given issue and the outcome of that coverage issue can be controlled by counsel first retained by the insurer for the defense of the claim." (Civ. Code, § 2860, subd. (b); see *Long v. Century Indemnity Co., supra*, 163 Cal.App.4th at 1472.) In *San Diego Federal Credit Union v. Cumis Ins. Society, Inc.* (1984) 162 Cal.App.3d 358, the court held, in such cases, the "insurer may be subject to substantial temptation to shape its defense so as to place the risk of loss entirely upon the insured" (*id.* at p. 368) and "[n]o matter how honest the intentions, counsel cannot discharge inconsistent duties." (*Id.* at p. 366.)

Centex alleges the interests of Centex, Travelers, and Oak Leaf are irreconcilably adverse to each other. Centex specifically alleges that Travelers will control Centex's

defense in the underlying action to prejudice the present coverage dispute between Centex and itself. The express conflicts of interests include Travelers instructing the defense counsel: (1) to sue Oak Leaf, the subcontractor insured by Travelers; (2) to retain and direct the work of experts; (3) to evaluate the contracts between Centex and Oak Leaf to determine what Oak Leaf should contribute towards any settlement with the Corona homeowners; (4) to allocate Centex's defense fees and costs among the subcontractors; (5) to negotiate settlements between Centex and the subcontractors; and (6) to ascertain whether the work performed by Oak Leaf caused property damage. In other words, Centex asserts that, to the extent panel counsel can challenge the liability of Oak Leaf, it creates a direct conflict of interest by enhancing Travelers's reimbursement claims against Centex. However, these anticipated circumstances have not occurred yet in the underlying litigation.

We conclude the facts alleged by Centex do not support its claim of a conflict of interest with Travelers. An insurer has the right to control a defense. (*James 3 Corp. v. Truck Ins. Exchange, supra,* 91 Cal.App.4th at pp. 1102-1103.) Centex argues Travelers will manipulate experts to its advantage without giving any explanation about how that will be accomplished. Similarly, Centex offers a host of allegations about how Travelers will control the litigation without describing how this is occurring in the underlying construction defect litigation. Centex is alleging conclusions without substance, not facts. As Gertrude Stein famously said about Oakland, there is no there there.

11

In *Blanchard v. State Farm & Casualty Co.* (1991) 2 Cal.App.4th 345, the appellate court stated that that insurance counsel had no incentive to attach liability to the insured and that it was in the interest of both the insurer and the insured to minimize the insured's liability. (*Id.* at p. 350.) Here, Travelers and Centex's interests may be slightly different because Travelers's liability is limited to Oak Leaf's work and Travelers claims a right to reimbursement against Centex for all defense fees unrelated to property damage caused by Oak Leaf. Centex asserts that, unlike counsel in *Blanchard*, Travelers's panel counsel has an incentive to control the defense so as to increase Travelers's reimbursement claim—a conflict which requires the appointment of independent counsel. We disagree because we do not perceive the interests of Centex and Travelers to be adverse. Depending on the eventual degree of liability among the subcontractors, Travelers may be liable for damages but Centex will receive coverage from Travelers or the other insurers covering the other subcontractors. Centex's liability is derivative and Travelers has the same interest in defending the underlying claim. These circumstances do not cause a conflict requiring independent counsel. (*Foremost Ins. Co. v. Wilks* (1988) 206 Cal.App.3d 251, 261; *Blanchard,* at p. 350.) The demurrer to the eighth cause of action was properly sustained—although these claims may also be renewed if they become actual and present.

*D. Leave to Amend*

Public policy dictates that leave to amend be liberally granted. If there is any reasonable possibility that the plaintiff can state a cause of action, it is error to sustain a

demurrer without leave to amend. (*Youngman v. Nevada Irrigation Dist.* (1969) 70 Cal.2d 240, 245; *Sheehan v. San Francisco 49ers, Ltd.* (2009) 45 Cal.4th 992, 998.) As an alternative, Centex requests a reversal to allow Centex the opportunity to amend its complaint.

Unfortunately, Centex did not request leave to amend from the trial court. On appeal, it does not sufficiently propose how the seventh and eighth causes of action could be amended to state a claim based on an actual, present, existing, or ripe controversy. For that reason, we reject this argument. (*Schifando v. City of Los Angeles, supra,* 31 Cal.4th at p. 1081.)

## IV

## DISPOSITION

We affirm the judgment and order Travelers, the prevailing party, to recover its costs on appeal.

CERTIFIED FOR PUBLICATION

CODRINGTON
J.

We concur:

HOLLENHORST
Acting P. J.

MILLER
J.

13