[No. B216250. Second Dist., Div. Two. Nov. 24, 2009.]

CITY OF ANAHEIM et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
PRICELINE.COM INC. et al., Real Parties In Interest.

COUNSEL

Kiesel, Boucher & Larson, Paul R. Kiesel, William L. Larson; Baron & Budd, Patrick J. O'Connell; McKool Smith, Steven D. Wolens, Gary Cruciani; Cristina L. Talley, City Attorney, and Moses W. Johnson, Assistant City Attorney, for Petitioners.

Burke, Williams & Sorensen, Amy E. Hoyt and Erica L. Ball for League of California Cities as Amicus Curiae on behalf of Petitioners.

No appearance for Respondent.

Skadden, Arps, Slate, Meagher & Flom, Darrel J. Hieber, Stacy R. Horth-Neubert and Daniel M. Rygorsky for Real Parties in Interest Priceline.com Incorporated, Lowestfare.com LLC and Travelweb LLC.

Jones Day, Elwood Lui, Brian D. Hershman and Erica L. Reilley for Real Parties in Interest Expedia, Inc., Hotels.com LP, Hotels.com GP, LLC, Hotwire.com, Inc., and Travelnow.com, Inc.

McDermott Will & Emery, Jeffrey A. Rossman, Elizabeth B. Herrington and Matthew Oster for Real Parties in Interest Orbitz Group.

Kelly Hart & Hallman, Brian S. Stagner; K&L Gates, William B. Grenner and Nathaniel Curral for Real Parties in Interest Travelocity.com Inc., Travelocity.com LP and Site59.com LLC.

---

**OPINION**

**CHAVEZ, J.**—Under article XIII, section 32 of the California Constitution, a taxpayer who wishes to challenge the assessment of a state tax must pay the disputed amount of tax before seeking recourse in the courts to recover the amount assessed. This constitutional provision, commonly known as the "pay first" rule, allows " 'revenue collection to continue during litigation so that essential public services dependent on the funds are not unnecessarily interrupted.' " (*State Bd. of Equalization v. Superior Court* (1985) 39 Cal.3d 633, 638 [217 Cal.Rptr. 238, 703 P.2d 1131], citing *Pacific Gas & Electric Co. v. State Bd. of Equalization* (1980) 27 Cal.3d 277, 283 [165 Cal.Rptr. 122, 611 P.2d 463].)

In this case, the City of Anaheim assessed a "transient occupancy tax" (TOT) against a number of online travel companies (OTC's)[1] and ultimately

---

[1] These OTC's were real parties in interest Priceline.com Inc.; Lowestfare.com LLC; Travelweb LLC; Travelocity.com Inc.; Travelocity.com LP; Site59.com LLC; Hotels.com LP; Hotels.com GP, LLC; Hotwire.com, Inc.; Expedia, Inc. (Expedia); Travelnow.com, Inc.; Orbitz, Inc.; Orbitz LLC; Trip Network, Inc. (doing business as Cheaptickets.com); and Internetwork Publishing Corporation (doing business as Lodging.com).

concluded that the OTC's owed taxes, plus interest, in the collective amount of more than $21 million. Without paying the assessed amounts, the OTC's filed superior court actions seeking mandamus and declaratory relief against the City of Anaheim and its administrative hearing officer, Michael Miller (collectively, City). Citing the "pay first" rule, the City demurred to the petitions on the ground that the OTC's had not paid the taxes allegedly due prior to filing suit. The superior court overruled the demurrers and we denied the City's petition for writ of mandate. The City sought review in the California Supreme Court and we issued an order to show cause at that court's direction.

■ We hold that the City cannot invoke article XIII, section 32 of the California Constitution in this case because that constitutional provision applies only to actions against the state or an officer of the state. Further, there are no alternative legal grounds upon which the City can impose a "pay first" requirement upon the OTC's in this case. Accordingly, we deny the petition.

## FACTS AND PROCEDURAL HISTORY

The following facts are digested from the trial court proceedings relating to Expedia, which was the lead case in the superior court. For purposes of evaluating the sufficiency of Expedia's pleading against the City's demurrer, we treat the demurrer as admitting all material facts properly pleaded, as well as matters that may be judicially noticed. (*Daar v. Yellow Cab Co*. (1967) 67 Cal.2d 695, 713, 716 [63 Cal.Rptr. 724, 433 P.2d 732].)

In its mandate petition in the superior court, Expedia alleged that the TOT is authorized by the City's Transient Occupancy Tax Code (Anaheim Mun. Code, ch. 2.12; the Ordinance). The Ordinance requires a "transient"—one who occupies a hotel room or similar facility for less than 30 days—to pay a tax of "fifteen percent of the rent." (Anaheim Mun. Code, § 2.12.010.010.) "Rent" is "the consideration charged by an operator for accommodations . . ." by an "operator" of a hotel. (Anaheim Mun. Code, § 2.12.005.080.) An "operator" is "any person, corporation, entity, or partnership which is the proprietor of the hotel, whether in the capacity of owner, lessee, sublessee, mortgagee in possession, debtor in possession, licensee or any other capacity. Where the operator performs its functions through a managing agent of any type or character other than as an employee, the managing agent shall also be deemed an operator and shall have the same duties and liabilities as its principal. . . ." (Anaheim Mun. Code, § 2.12.005.050.)

OTC's make available on the Internet information concerning hotel room, rental car, airline and other travel-related reservations. They facilitate the booking of hotel rooms and other travel-related reservations but do not own or operate any hotels or provide accommodations. OTC's are compensated for their services by retaining the difference between the amount they collect from a hotel guest and the amount the OTC's pay a hotel for the guest's occupancy.

The TOT has been in effect since at least 1977, and prior to 2007 the City sought to collect the tax only from hotel operators and not from "intermediaries" such as travel agents, tour operators and travel consolidators. The City had never tried to impose the TOT on the amounts the OTC's retained for their online reservation services.

That changed in 2007, when the City decided that OTC's should be subject to the TOT. On October 10, 2007, the City issued a "Notice of Audit" to the OTC's regarding "unpaid" TOT's. On May 23, 2008, the City issued an "estimated assessment" to four OTC's (Expedia, Orbitz, Priceline and Travelocity) for taxes, penalties and interest for the period January 1, 2000, to December 31, 2007. The OTC's objected in writing to the assessments and requested an administrative hearing pursuant to the appeal process provided for in the Ordinance. The City appointed a hearing officer (petitioner Michael Miller), who conducted eight days of hearings between August 25, 2008, and December 8, 2008.

On February 7, 2009, Mr. Miller issued a 55-page "Hearing Officer Decision With Findings and Notice of Amount Due." The amounts for each OTC were as follows: Expedia, $9,884,872.31; Hotels.com, $7,452,777.02; Hotwire, $404,554.75; Orbitz, $708,984.25; Cheaptickets.com and Lodging.com (Orbitz affiliates), $570,699.92; Priceline, $829,780.32; Site 59, $28,070.63; and Travelocity, $1,447,147.10.

*Superior court proceeding.*

On February 11, 2009, Expedia filed a petition for writ of mandate and complaint for declaratory relief in the Superior Court of Orange County. The other OTC's affected by the hearing officer's decision filed similar actions, and the superior court found these to be related cases.

Citing the "pay first" rule of article XIII, section 32 of the California Constitution, the City demurred to each cause of action of the petition and complaint on the ground that Expedia failed to allege it had paid the assessed taxes prior to filing suit. Expedia asserted that the "pay first" rule did not apply in this case. The superior court agreed with Expedia and overruled the City's demurrers on March 30, 2009.[2]

Upon the OTC's joint petition, their cases pending in Orange County were added to Judicial Council Coordination Proceeding No. 4472, the *Transient Occupancy Tax Cases*," pending in Los Angeles Superior Court.

## DISCUSSION

1.  *Article XIII, section 32 does not apply in this case.*

In its demurrers to the OTC's petitions, the City relied on article XIII, section 32 of the California Constitution, which provides: "No legal or equitable process shall issue in any proceeding in any court against this State or any officer thereof to prevent or enjoin the collection of any tax. After payment of a tax claimed to be illegal, an action may be maintained to recover the tax paid, with interest, in such manner as may be provided by the Legislature." The Legislature implemented this constitutional provision by enacting Revenue and Taxation Code section 6931, which states: "No injunction or writ of mandate or other legal or equitable process shall issue in any suit, action, or proceeding in any court against this State or against any officer of the State to prevent or enjoin the collection under this part of any tax or any amount of tax required to be collected."

■ Article XIII, section 32 of the California Constitution does not bar the OTC's actions here because courts have limited this constitutional provision to actions against the state or an officer of the state. (See *Howard Jarvis Taxpayers Assn. v. City of La Habra* (2001) 25 Cal.4th 809, 822, fn. 5 [107 Cal.Rptr.2d 369, 23 P.3d 601] [§ 32 does not apply to local governments]; *Pacific Gas & Electric Co. v. State Bd. of Equalization, supra,* 27 Cal.3d at p. 281, fn. 6; *Eisley v. Mohan* (1948) 31 Cal.2d 637, 641 [192 P.2d 5] [construing predecessor provision to § 32]; *County of Los Angeles v. Superior Court* (2008) 159 Cal.App.4th 353, 363, fn. 6 [71 Cal.Rptr.3d 485]; *Brown v. County of Los Angeles* (1999) 72 Cal.App.4th 665, 670 [85 Cal.Rptr.2d 414]

---

[2] After the respondent court issued its order in this case, the OTC's filed a joint petition to add their cases to a Judicial Council coordination proceeding, the *Transient Occupancy Tax Cases*," pending in Los Angeles Superior Court.

[§ 32 applies only to actions against the State of California, not those involving assessments by local governments].)

## 2. *The Ordinance does not provide for a "pay first" requirement.*

█   Although the "pay first" requirement of article XIII, section 32 of the California Constitution applies only to actions against the state, a local government is not precluded from inserting a "pay first" requirement in a taxing statute as long as the statute comports with due process. Due process "requires only that government provide a procedure which, at some point, provides the taxpayer a meaningful opportunity to contest the legality of the exaction. [Citations.] [¶] The rule against challenging the collection of a tax—usually in the equitable forms of injunctive or declaratory relief—is predicated on the existence of a procedure that provides the taxpayer with an adequate remedy at law to challenge the legality of a tax by seeking a refund of taxes already paid." (*Batt v. City and County of San Francisco* (2007) 155 Cal.App.4th 65, 72 [65 Cal.Rptr.3d 716] (*Batt*), citing *McKesson Corp. v. Florida Alcohol & Tobacco Div.* (1990) 496 U.S. 18, 39 [110 L.Ed.2d 17, 110 S.Ct. 2238].) The "adequate remedy at law" most often takes the form of refund procedure provided for in the applicable statute, and courts have consistently upheld "pay first" requirements in matters involving local taxes where the taxing authority has specifically provided for a refund procedure. (See, e.g., *Connolly v. County of Orange* (1992) 1 Cal.4th 1105, 1113–1114, fn. 10 [4 Cal.Rptr.2d 857, 824 P.2d 663] [procedure for refund of county property taxes in Rev. & Tax. Code, §§ 5096 & 5097]; *Batt, supra,* at pp. 77–78 [refund procedure in S.F. Bus. & Tax Regs. Code, § 6.15-1]; *Flying Dutchman Park, Inc. v. City and County of San Francisco* (2001) 93 Cal.App.4th 1129, 1138 [113 Cal.Rptr.2d 690] [same]; *Writers Guild of America, West, Inc. v. City of Los Angeles* (2000) 77 Cal.App.4th 475, 477–478 [91 Cal.Rptr.2d 603] [L.A. Mun. Code, § 21.07].)

The City contends that the relevant case law does not support the OTC's claim that a local taxing authority may not impose a "pay first" requirement without a companion refund procedure. However, even cases cited by the City (*Batt* and *Writers Guild,* for example) suggest otherwise. We need not resolve that issue here because the Ordinance contains neither a "pay first" requirement nor a refund procedure.[3] Because the TOT ordinance does not

---

[3] In fact, certain language in the TOT ordinance actually appears to prohibit a taxpayer from securing a postpayment refund. Section 2.12.020.040 of the TOT ordinance provides: "Nothing contained in this chapter shall require the refund by Anaheim to any person of such sum collected by the operator and remitted to Anaheim even where such sum was not otherwise required to be collected and remitted."

contain a "pay first" provision, the City has no statutory authority for imposing a "pay first" requirement in this case.[4]

3. *The City cannot impose a "pay first" requirement based on public policy.*

The City also contends that a "pay first" requirement should be imposed in this case simply by reason of the public policy underlying article XIII, section 32 of the California Constitution: As the court commented in *Batt*, "money is the lifeblood of modern government. Money comes primarily from taxes, and, as the importance of a predictable income stream from taxes has grown, governments at all levels have established procedures to minimize disruptions, primary among which is the condition precedent that a tax may be challenged only after it has been paid." (*Batt, supra*, 155 Cal.App.4th at p. 71.)

However, the City cannot rely on a public policy argument here because the taxes the City seeks to collect from the OTC's in this case do not represent a "predictable income stream" on which the City has come to rely. There is no need to "minimize disruptions" in the tax collection procedure because, in this case, there is nothing to disrupt; the City did not make its first attempt to collect the tax from the OTC's until 2007, and it has yet to collect a penny of the taxes it claims the OTC's owe.

## CONCLUSION

Our holding in this case is limited to a single procedural issue: whether the OTC's may seek mandamus and declaratory relief in the superior court without first paying the TOT's the City claims are owed. We do not consider other issues relating to the merits of the OTC's claim, such as whether they are "operators" as defined in the TOT ordinance, the applicability of Proposition 218 (Gov. Code, § 53750), the possibility of criminal sanctions for nonpayment of the tax, or the significant due process concerns that arise from the fact that the City seeks to impose the TOT for a seven-year period in which the OTC's had no notice that the City considered them subject to the tax.

---

[4] Although the City's TOT lacks a "pay first" provision, other cities have included specific "pay first" provisions in their TOT ordinances. These include the cities of San Francisco (S.F. Bus. & Tax Regs. Code, § 6.15-4(a)), Long Beach (Long Beach Ord., § 3.64.150), and Fresno (Fresno Ord., § 7.611).

## DISPOSITION

The petition for writ of mandate is denied. Costs of this proceeding are awarded to real parties in interest.

Boren, P. J., and Ashmann-Gerst, J., concurred.

Petitioners' petition for review by the Supreme Court was denied March 24, 2010, S179074. Kennard, J., was of the opinion that the petition should be granted.