[No. B228060. Second Dist., Div. Five. May 16, 2011.]

HILLEL CHODOS, Plaintiff and Appellant, v.
CITY OF LOS ANGELES, Defendant and Respondent.

**COUNSEL**

Hillel Chodos, in pro. per., for Plaintiff and Appellant.

Carmen Trutanich, City Attorney, Beverly Cook, Assistant City Attorney, and Daniel M. Whitley, Deputy City Attorney, for Defendant and Respondent.

**OPINION**

**MOSK, J.—**

## INTRODUCTION

Plaintiff and appellant Hillel Chodos (Chodos) is a lawyer practicing in the City of Los Angeles. Defendant and respondent City of Los Angeles (City)

required Chodos to pay additional City business taxes based on gross receipts that included what Chodos claimed were out-of-pocket costs and reimbursement of fees paid to independent counsel.

Chodos brought this action for declaratory relief. The City demurred to Chodos's complaint on the ground that Chodos did not comply with what the City refers to as the "pay first litigate later" rule. The trial court sustained the demurrer without leave to amend. We affirm, holding that Chodos must first pay the disputed amount and then sue for a refund.

## BACKGROUND

Chodos filed a complaint for declaratory relief in which he alleges that as a lawyer in the City, the City, after an audit, required he pay an additional amount of $13,155.47 for his business tax based on reimbursements he received for out-of-pocket costs and for fees paid to independent associated counsel. The City demurred on the ground that Chodos failed to allege that he paid the tax and was challenging the tax by way of a refund action. For this reason, according to the City, Chodos has not stated facts sufficient to state a declaratory relief cause of action. The trial court sustained the demurrer without leave to amend, and Chodos appealed. Chodos failed to supply a reporter's transcript of the hearing. Neither party relies upon anything that occurred at the hearing. (See Cal. Rules of Court, rule 8.120(b).)

## DISCUSSION

### A. Standard of Review

We treat the demurrer as admitting all material facts and review the trial court's determination de novo. (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415 [106 Cal.Rptr.2d 271, 21 P.3d 1189]; *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].)

### B. Provisions

Under Los Angeles Municipal Code (LAMC) section 21.15, subdivision (c), the City's office of finance may audit and examine the records of taxpayers to determine if the correct amount of tax was reported and paid. If the director of finance determines that an incorrect amount of tax was reported by the taxpayer, the director of finance makes a deficiency determination. (LAMC, § 21.15, subd. (i).)

Deficiency determinations are made through the assessment procedures provided in LAMC section 21.16. First, the office of finance serves the taxpayer a notice of assessment, giving notice of the taxes owed. (LAMC, § 21.16, subd. (a).) The taxpayer may then request a hearing, which would be before an assessment review officer (ARO), or the taxpayer may request that the ARO hearing be waived. (LAMC, § 21.16, subds. (b), (d), (e).) The ARO may decrease, affirm, or increase the assessment. (LAMC, § 21.16, subd. (f).) The taxpayer then has the option of having the ARO's decision reviewed by a board of review, if one is established. (LAMC, § 21.16, subds. (g) & (h).) The board of review issues a determination that may decrease or affirm the determination of the ARO. (LAMC, § 21.16, subd. (i).)

The administrative review process is complete when the taxpayer (1) fails to appeal a deficiency determination or assessment to an ARO (LAMC, § 21.16, subds. (b) & (c)), (2) fails to appeal an ARO's decision to the board of review (LAMC, § 21.16, subd. (g)), or (3) is given the decision of the board of review (LAMC, § 21.16, subd. (i)). After the administrative review process is final, the deficiency or assessment becomes due to the City under LAMC section 21.05, subdivision (a). The taxpayer may pay the assessment tax and file a claim for refund. (See LAMC, § 21.07 [Refunds of Overpayments].) The taxpayer may also do nothing and force the City to file suit to collect the taxes owed. If the taxpayer does not challenge the deficiency determination, "in order to initiate a suit for relief, [the taxpayers] must make a tax payment and sue in superior court for a refund, at which time they may fully litigate all of their contentions . . . ." (*Writers Guild of America, West, Inc. v. City of Los Angeles* (2000) 77 Cal.App.4th 475, 483 [91 Cal.Rptr.2d 603] (*Writers Guild*).)[1]

## C. *Application of Authorities*

■ In *Flying Dutchman Park, Inc. v. City and County of San Francisco* (2001) 93 Cal.App.4th 1129 [113 Cal.Rptr.2d 690] (*Flying Dutchman*), the plaintiff brought an action for injunctive and declaratory relief challenging a parking tax. The plaintiff went through the administrative process established by San Francisco, and the tax became due and payable under the applicable code section. The plaintiff did not pay the tax, but instead brought its action. The trial court sustained a demurrer to the complaint, and the Court of Appeal affirmed. The court held that the challenge to the tax was subject to the " 'pay first, litigate later' " rule, thereby requiring plaintiff "to pay the disputed tax first, and then sue for a refund . . . ." (*Id.* at p. 1132; see also *Batt v. City and*

---

[1] The City does not contend that Chodos is precluded from bringing an action because he did not otherwise exhaust his administrative remedies.

*County of San Francisco* (2007) 155 Cal.App.4th 65, 71–72 [65 Cal.Rptr.3d 716].) San Francisco had a provision for a refund of erroneously or illegally collected or received taxes. (*Flying Dutchman, supra,* 93 Cal.App.4th at p. 1138.) The court said that in connection with state taxes, both the California Constitution (art. XIII, § 32) and a state statute (Rev. & Tax. Code, § 6931) restrict a taxpayer's remedy to a postpayment refund action. (*Flying Dutchman, supra,* 93 Cal.App.4th at p. 1136.) "In explaining the rationale behind the rule, many judicial opinions have stressed the importance of restraining courts from unduly interfering with the flow of tax dollars that fund government operations, thereby preventing the disruption of essential public services." (*Id.* at p. 1135.) The court followed the decision in *Writers Guild, supra,* 77 Cal.App.4th at page 481, in saying that as a matter of public policy, the "prepayment requirement for obtaining judicial review applies equally to local taxes as well as state taxes." (*Flying Dutchman, supra,* 93 Cal.App.4th at p. 1137.)

In *City of Anaheim v. Superior Court* (2009) 179 Cal.App.4th 825, 831 [102 Cal.Rptr.3d 171] (*City of Anaheim*), the court held that when a municipality such as the City of Anaheim fails to provide a refund procedure, the taxpayer may challenge an assessment without first paying the disputed tax. The court pointed to the City of Los Angeles and the City and County of San Francisco as having the "pay first" requirement. (*Id.* at p. 831, citing, inter alia, *Writers Guild, supra,* 77 Cal.App.4th at pp. 477–478, and LAMC, § 21.07 [dealing with "Refunds of Overpayments" (some capitalization omitted)]; see also *Andal v. City of Stockton* (2006) 137 Cal.App.4th 86, 90 [40 Cal.Rptr.3d 34] [plaintiffs could bring declaratory relief action to challenge the constitutionality of a local government fee; the "pay first, litigate later" and exhaustion of administrative remedies doctrines did not apply because plaintiffs had paid the challenged fee and the administrative refund process was not adequate to address the constitutional challenge to the validity of the ordinance].)

The court in *City of Anaheim, supra,* 179 Cal.App.4th at page 832, suggested that the City of Anaheim under the circumstances of that case could not impose the " 'pay first' " requirement "simply by reason of the public policy underlying article XIII, section 32 of the California Constitution" because the tax collection procedures had not been disrupted but rather were delayed by the city's inaction. We do not agree with that language to the extent it is inconsistent with the pronouncements in *Writers Guild, supra,* 77 Cal.App.4th at page 481, and *Flying Dutchman, supra,* 93 Cal.App.4th at pages 1135–1136, that the "pay first" principle applies to local governmental

entities as a matter of public policy. As noted, *City of Anaheim* is distinguishable from this case because the City of Anaheim had no refund procedure, and therefore no adequate remedy at law.

 Just as the court in *Writers Guild, supra,* 77 Cal.App.4th at page 481, said with regard to an effort to enjoin a tax, there is a "strong public policy requiring a taxpayer to pay the tax and sue for a refund." That public policy should apply to declaratory relief actions, which would have the same effect as injunction actions. (*Flying Dutchman, supra,* 93 Cal.App.4th at p. 1138.)

Until the tax is paid, there is no " '*actual, present controversy* over a proper subject' " (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 79 [124 Cal.Rptr. 2d 519, 52 P.3d 695])—a requirement for declaratory relief under Code of Civil Procedure section 1060. Chodos, in order to assert his position, must comply with the City procedures, including the pay first, litigation later issue.

## DISPOSITION

The judgment is affirmed. No costs are awarded.

Armstrong, Acting P. J., and Kumar, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied July 27, 2011, S194180. Werdegar, J., did not participate therein.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.