Filed 2/18/22  City of Los Angeles v. Patel CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CITY OF LOS ANGELES,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>AMRATBHAI G. PATEL,<br><br>  Defendant and Appellant. | B306094<br><br>(Los Angeles County<br>Super. Ct. No. 19STCV03573) |

APPEAL from a judgment of the Superior Court of Los Angeles County, William F. Fahey, Judge.  Affirmed.

Frank A. Weiser for Defendant and Appellant.

Michael N. Feuer, City Attorney, Beverly A. Cook, Assistant City Attorney and Daniel M. Whitley, Deputy City Attorney for Plaintiff and Respondent.

_____

Plaintiff and respondent City of Los Angeles (the City) imposes a transient occupancy tax (TOT) on individuals who stay in hotels located in the City for no more than 30 consecutive days. The City requires hotel operators to collect this tax from their guests and remit the funds to the City on a regular basis. Exempt from the tax is any occupancy as to which rent is paid by the Emergency Food and Shelter National Board Program.

Defendant and appellant Amratbhai G. Patel is an operator of a hotel in the City. The City brought suit against Patel, alleging that he had not remitted all TOT owed. At a bench trial, Patel argued the City's TOT scheme violates the Equal Protection Clause of the Fourteenth Amendment because it exempts occupancies subsidized by the aforementioned federal program but not those paid for by the County of Los Angeles Department of Social Services (DPSS). He also maintained that the City's TOT ordinance violates the Due Process Clause of the Fourteenth Amendment. The trial court rejected Patel's arguments and entered judgment in favor of the City.

On appeal, Patel once again raises equal protection and due process challenges to the City's TOT scheme. We reject Patel's equal protection claim for two reasons. First, he lacks standing to raise it. Second, the record contains no evidence regarding the federal and county programs at issue, thus preventing us from conducting any analysis on whether the TOT ordinance treats similarly situated persons differently and whether any such disparity is rationally related to a legitimate governmental interest.

Patel's due process challenge fails because the deficiencies he claims exist in the City's tax refund system have no apparent bearing on this tax collection case, and he fails to offer any other

2

cogent argument in support of this claim.  Lastly, we reject Patel's remaining appellate claims because they either have no impact on the validity of the judgment or are meritless.  We thus we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

We summarize only those facts that are relevant to our disposition of this appeal.

Article 1.7 of chapter II of the Los Angeles Municipal Code[2] governs the City's TOT.  (See § 21.7.1 ["This article shall be known as the Uniform Transient Occupancy Tax Ordinance of The City of Los Angeles."].)  As relevant here, a " '[t]ransient' " is "[a]ny individual who personally exercises occupancy or is entitled to occupancy by reason of concession, permit, right of

---

[1] We derive our Factual and Procedural Background in part from undisputed aspects of the trial court's rulings and the parties' filings.  (See *Baxter v. State Teachers' Retirement System* (2017) 18 Cal.App.5th 340, 349, fn. 2 [utilizing the summary of facts provided in the trial court's ruling]; *Artal v. Allen* (2003) 111 Cal.App.4th 273, 275, fn. 2 (*Artal*) [" '[B]riefs and argument . . . are reliable indications of a party's position on the facts as well as the law, and a reviewing court may make use of statements therein as admissions against the party.  [Citations.]' [Citations.]"].)  We also note that because Patel did not file a reply brief, we deem him to have admitted certain facts raised in the respondent's brief that he did not anticipate and refute in his opening brief.  (See *Rudick v. State Bd. of Optometry* (2019) 41 Cal.App.5th 77, 89–90 (*Rudick*) [concluding that the appellants made an implicit concession by "failing to respond in their reply brief to the [respondent's] argument on th[at] point"].)

[2] Undesignated ordinance citations are to the Los Angeles Municipal Code.

access, license or other agreement, for a period of 30 consecutive calendar days or less, counting portions of calendar days as full days." (See § 21.7.2, subd. (d).)

Section 21.7.3 provides that, "[f]or the privilege of occupancy in any hotel, each transient is subject to and shall pay a tax . . . at the rate of fourteen percent" "of the rent charged by the operator" of the hotel. (See § 21.7.3.) "Said tax constitutes a debt owed by the transient to the City which is extinguished by the payment to the operator or to the City." (*Id.*) Each operator must collect the TOT from transients and periodically remit those funds to the City. (See §§ 21.7.5, 21.7.7.) "Any person owing money to the City under the [TOT] provisions . . . shall be liable to an action brought in the name of the City for the recovery of such amount." (See § 21.7.13.)

Section 21.7.4 exempts the following from the TOT: "(a) Any person as to whom, or any occupancy as to which, it is beyond the power of the City to impose the tax herein provided; [¶] (b) Any Federal or State of California officer or employee, including employees of federal credit unions, who provides proof that he or she is on official Federal or State business. [Citation.] [¶] (c) Any officer or employee of a foreign government who is exempt by express provision of federal law or international treaty; [¶] (d) Any person to whom rent is charged at the rate of $2.00 per day or less; [and] [¶] (e) Any person as to whom, or any occupancy as to which, rent is paid from funds administered by the Emergency Food and Shelter National Board Program." (See § 21.7.4.)

Patel is an operator of a hotel in the City. On an unspecified date, the City audited Patel and issued an assessment claiming that he had failed to remit all TOT owed.

4

An administrative review officer affirmed the assessment after holding a hearing, and a board of review later affirmed the assessment, and issued a decision demanding that Patel pay TOT liabilities, including penalties and interest, in the amount of $36,147.17.

On February 6, 2019, the City filed a complaint against Patel seeking recovery of $36,147.17 in TOT liabilities, along with "such interest and delinquency penalties as shall have accrued in the manner provided by law to the date of the judgment."

On January 21, 2020, a court trial was held on the City's tax collection claim against Patel. Prior to trial, the parties submitted trial briefs and entered into a stipulation to the effect that: (1) the six trial exhibits offered by the City were admissible; (2) Patel "agreed to defend the case solely on the basis of his due process and equal protection arguments"; and (3) should Patel not prevail on his constitutional defenses, then the City would be entitled to judgment against him in the amount of $38,557.

On the date of trial, the court admitted the City's trial exhibits into evidence, "counsel for the City and counsel for [Patel] appeared on a separate, but virtually identical TOT case, [case No.] 19STCV04118," and "[t]he Court heard argument in that case on the alleged due process and equal protection attacks on the City's TOT." "Counsel then stipulated that the same arguments would be deemed applicable to the facts in this case . . . ." No witnesses were called, and the court took both case No. 19STCV04118 and the instant matter under submission.

On February 10, 2020, the trial court issued a statement of decision, wherein the court found the City was entitled to

judgment against Patel in the amount of $38,557, plus costs.[3] The trial court rejected Patel's claim that the TOT ordinance violates equal protection by exempting occupancies financed by the Emergency Food and Shelter National Board Program but not those subsidized by DPSS. In particular, the court found that Patel lacks standing to raise this equal protection claim because he is not a member of the class of " 'homeless people' " he claims "are being treated 'differently'" by the City's taxing scheme. Further, the court found that Patel's equal protection claim lacks merit because he "introduced no evidence at all, let alone evidence showing the absence of a rational basis for the City's taxing decisions."

The trial court also rejected "Patel's cursory due process argument." The court reasoned that "the City has in place the administrative review procedures approved in *Chodos v. City of Los Angeles*, 195 Cal. App. 4th 675, 677–78 (2011)"[4] and, "once the

---

[3] The statement of decision incorporated by reference the statement of decision issued on the same day in case No. 19STCV04118. We, sua sponte, take judicial notice of the statement of decision filed in case No. 19STCV04118. (Evid. Code, §§ 452, subd. (d), 459.)

[4] *Chodos* provided the following description of the City's administrative procedures: "First, the office of finance serves the taxpayer a notice of assessment, giving notice of the taxes owed. [Citation.] The taxpayer may then request a hearing, which would be before an assessment review officer (ARO), or the taxpayer may request that the ARO hearing be waived. [Citation.] The ARO may decrease, affirm, or increase the assessment. [Citation.] The taxpayer then has the option of having the ARO's decision reviewed by a board of review, if one is established. [Citation.] The board of review issues a determination that may decrease or affirm the determination of

administrative review process is final, the assessment becomes due and 'the taxpayer may do nothing and force the City to file suit to collect the taxes owed,' which is what occurred in this case." (Quoting *Chodos*, at p. 678.)

On March 17, 2020, the trial court entered judgment in favor of the City and against Patel in the amount of $38,557. Patel timely appealed the judgment.

## STANDARD OF REVIEW

"In reviewing a judgment based upon a statement of decision following a bench trial, we review questions of law de novo. [Citation.] We apply a substantial evidence standard of review to the trial court's findings of fact. [Citation.] Under this deferential standard of review, findings of fact are liberally construed to support the judgment and we consider the evidence in the light most favorable to the prevailing party, drawing all reasonable inferences in support of the findings." (*Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 981 (*Thompson*).)

" 'A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness.' [Citation.]" (*Thompson, supra*, 6 Cal.App.5th at p. 981.) Thus, " ' "it is the appellant's responsibility to affirmatively demonstrate error[,]" ' " and " ' "review is limited to issues which have been adequately raised and briefed." ' [Citation.]" (See *Los Angeles Unified School Dist. v. Torres Construction Corp.* (2020) 57 Cal.App.5th 480, 492 (*Los Angeles Unified School Dist.*).) The appellant is obligated to rebut this presumption of correctness, regardless of the

---

the ARO." (*Chodos v. City of Los Angeles* (2011) 195 Cal.App.4th 675, 678 (*Chodos*).)

applicable standard of review. (See *ibid.* [noting that these principles apply to " ' "an appeal from any judgment" ' " and on " ' "[d]e novo review" ' "]; see also *Orange County Water Dist. v. Sabic Innovative Plastics US, LLC* (2017) 14 Cal.App.5th 343, 368, 399 [indicating that an appellant must affirmatively show the trial court erred even when the de novo standard of review applies].)

## DISCUSSION

### A.     Patel Fails to Show the Trial Court Erred in Rejecting His Equal Protection Claim

"The guarantee of equal protection of the laws does not preclude the state from drawing distinctions among different groups of individuals; it requires only that persons similarly situated receive like treatment." (*Goodman v. Cory* (1983) 142 Cal.App.3d 737, 743.) "Where . . . a disputed statutory disparity implicates no suspect class or fundamental right, 'equal protection of the law is denied only where there is no "rational relationship between the disparity of treatment and some legitimate governmental purpose." ' [Citation.]" (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881 (*Johnson*).) "All presumptions favor the validity of the classification [created by the law at issue] and the burden of demonstrating the invalidity of a classification under the rational relationship test rests upon the party challenging the statute [citations]." (See *Goodman,* at p. 744.)

Because Patel does not argue that any suspect class or fundamental right is implicated, he raises only a rational basis challenge to the TOT scheme. (See *Johnson, supra*, 60 Cal.4th at p. 881.) He points out that the scheme "exempts from the TOT

8

'[a]ny person as to whom, or any occupancy as to which, rent is paid from funds administered by the Emergency Food and Shelter National Board Program.'" (Quoting § 21.7.4, subd. (e).) Patel claims that "County DPSS vouchers are not paid from such a program," and "it is arbitrary and capricious to tax County DPSS vouchers but not do so when the funds come from the federal government."

As a preliminary matter, the trial court found that Patel "has no standing to raise" this equal protection claim because he "is not a member of th[e] class" of " 'homeless people' [he claims] are being treated 'differently' " by the TOT ordinance. Indeed, " '[a]s a general rule, a third party does not have standing to bring a claim asserting a violation of someone else's rights. [Citation.]' [Citation.]" (*People ex rel. Becerra v. Superior Court* (2018) 29 Cal.App.5th 486, 499 (*People ex rel. Becerra*).) Patel does not address the court's ruling that he lacks standing to raise his equal protection challenge, much less show it was erroneous. We may uphold the court's rejection of this claim on solely that basis. (See *Los Angeles Unified School Dist.*, *supra*, 57 Cal.App.5th at p. 492 [holding that the appellant bears the burden of rebutting affirmatively the presumption of correctness of the trial court's judgment].)

Assuming arguendo that Patel does not lack standing, his equal protection claim would nonetheless fail. Entirely absent from Patel's briefing is any description of the county and federal programs at issue or any supporting citation to authority or the record on these points (e.g., regulations defining the scope of the two programs). Furthermore, the provision exempting occupancies paid for by Emergency Food and Shelter National Board Program funds does not supply that information either

9

(see § 21.7.4, subd. (e)), and we are under no obligation to search for it on our own. (See *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277 [" 'We are not bound to develop appellants' arguments for them.' "].) Under these circumstances, we are unable to determine whether the City's TOT scheme treats similarly situated persons differently and whether there is no rational relationship between any such disparity in treatment and a legitimate governmental purpose. (See *ibid.* [" '[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' [Citation.]"].)

We also note that the record before us is insufficient to evaluate Patel's equal protection claim. In its statement of decision, the trial court observed that "the evidentiary record in this case is very thin, consisting only of Exhibits 101-106." None of these trial exhibits is in the clerk's transcript, which is the only record we have of the written documents submitted during the trial court proceedings. We note that Patel did not designate these trial exhibits for inclusion in the clerk's transcript. His failure to provide these exhibits to us is fatal to his equal protection challenge. (Cf. *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 185–188 [rejecting an appellant's claim that a trial court's decision was " 'contrary to the law' " because, "[w]ithout a reporter's transcript or the exhibits presented at trial," the Court of Appeal could not "undertake a meaningful review" of that argument].)

In sum, we reject Patel's equal protection challenge because he does not show he has standing to raise this claim, and he has failed to provide us with the legal authority and trial evidence needed to evaluate this challenge.

**B.    Patel Fails to Show the Trial Court Erred in Rejecting His Due Process Challenge**

The portion of Patel's opening brief discussing his due process claim begins with the following two-sentence paragraph: "Flying Dutchman Park, Inc. v City and County of San Francisco (2001) 93 Cal.App.4th 1129 is based explicitly on the fact that a taxing ordinance will have an adequate refund remedy.  No such remedy will exist in this case as any final judgment in this case will preclude such a remedy."  He later asserts:  "This case simply does fit [*sic*] the 'Flying Dutchman' rule as the City is implementing its own ordinance to sue [Patel] and bring the matter to final judgment, not Patel suing to enjoin the tax.  The rule does not apply."

Patel does not provide a pinpoint citation to the portion(s) of the *Flying Dutchman Park, Inc.* case to which he is referring, nor does he provide any description of "the 'Flying Dutchman' rule" he claims does not apply.  For those reasons alone, we may reject Patel's confusing and under-developed argument.  (See *Handyman Connection of Sacramento, Inc. v. Sands* (2004) 123 Cal.App.4th 867, 880, fn. 14 [rejecting an appellant's reliance on case authority because that party "fail[ed] to provide a pinpoint cite to" that decision]; *Hodjat v. State Farm Mutual Automobile Ins. Co.* (2012) 211 Cal.App.4th 1, 10 (*Hodjat*) ["[A]n appellant is required to not only cite to valid legal authority, but also explain how it applies in his case."].)

In any event, *Flying Dutchman Park, Inc.* held that a plaintiff's "action for injunctive and declaratory relief challenging a parking tax" assessed by San Francisco "was subject to the ' "pay first, litigate later" ' rule, thereby requiring plaintiff 'to pay the disputed tax first, and then sue for a refund . . . .' " (See

*Chodos*, *supra*, 195 Cal.App.4th at p. 678, quoting *Flying Dutchman Park, Inc.*, *supra*, 93 Cal.App.4th at p. 1132.) We agree with Patel that this rule is inapplicable because he is defending a tax collection action, and not prosecuting a suit against the City for injunctive or declaratory relief. Yet, at no point did the trial court find that Patel had to pay the taxes at issue before he could challenge their legality. Thus, Patel's discussion of *Flying Dutchman Park, Inc.*'s pay first, litigate later rule in no way impugns the lower court's judgment.

Next, Patel claims "[t]he City's TOT prohibits operators from a refund process as only guests subject to the refund process even though [*sic*] they are potentially assessed the tax." Patel further asserts: "Nowhere in the ordinance is there an administrative appeal process or refund remedy as required by the Due Process Clause."

As we noted in the Factual and Procedural Background, *ante*, the trial court stated the following in the course of disposing of Patel's due process challenge: "[T]he City has in place the administrative review procedures approved in *Chodos*[, *supra*, 195 Cal.App.4th at pp. 677–678]." Per the trial court, "once the administrative review process is final, the assessment becomes due and 'the taxpayer may do nothing and force the City to file suit to collect the taxes owed,' which is what occurred in this case." (Quoting *Chodos*, at p. 678.) Patel does not address—let alone attempt to refute—these findings regarding the availability of an administrative review process to challenge a TOT assessment, nor does he explain the relevance that any alleged defect in the City's refund procedures would have on the validity of a tax collection judgment entered against an operator who refused to pay the taxes at issue. Because there is no indication

12

Patel ever paid the taxes assessed by the City, he presumptively lacks standing to challenge the validity of the City's refund procedures. (See *People ex rel. Becerra*, *supra*, 29 Cal.App.5th at p. 499 [noting that third parties generally lack standing to raise violations of the rights of others].)

Additionally, notwithstanding Patel's argument to the contrary, *Reich v. Collins* (1994) 513 U.S. 106, did not hold that "a taxing statute . . . violates due process" "unless [it] has an adequate post-deprivation refund remedy." Rather, the high court held that "due process requires a 'clear and certain' remedy for taxes collected in violation of federal law" (see *Reich*, at p. 106), and that "[a] State has the flexibility to provide that remedy before the disputed taxes are paid (predeprivation), after they are paid (postdeprivation), or both" (see *id.* at p. 108). The *Reich* court further emphasized that point when it declared that a state "has the flexibility to maintain an exclusively *predeprivation* remedial scheme, so long as that scheme is 'clear and certain.'" (See *id.* at pp. 110–111, italics added.) Because Patel does not claim to have paid any of the taxes in question or that the City's prosecution of the tax collection matter did not afford him with sufficient predeprivation process, his reliance on *Reich* is unavailing.

For the foregoing reasons, we conclude Patel has not shown that the City's supposedly defective administrative review and refund procedures give rise to a due process violation that warrants reversal of the judgment.

## C.    We Reject Patel's Remaining Claims of Error

Notwithstanding the fact that Patel agreed in a joint stipulation that he would "defend the case solely on the basis of his due process and equal protection arguments," Patel seems to

13

raise several other defenses on appeal.  Assuming arguendo that these contentions are properly before us,[5] we nonetheless conclude they either have no bearing on this appeal or are without merit.

Patel argues that "[t]he administrative proceedings are not given any preclusive effect as to the legal arguments which are reviewed de novo."  (Boldface omitted.)  We are at a loss as to the import of this argument.  The statement of decision indicates the trial court did not afford any preclusive effect to the administrative proceedings, given that it reached the merits of Patel's constitutional defenses.  Nor does the City claim in its respondent's brief that the administrative proceedings trigger the doctrines of res judicata or collateral estoppel.  Additionally, we agree that legal questions are reviewed de novo, with the caveat that we pass upon only those issues that Patel has adequately raised and briefed.  (See Standard of Review, *ante*.)  Thus, Patel's arguments regarding the potential preclusive effect of the administrative proceedings and the applicable standard of review are immaterial.

Patel further alleges "the City did not bring the matter to administrative finality and failed to exhaust administrative remedies as to the whole assessment by failing to give . . . Patel[ ] 90-day notice to appeal directly under <u>California Code of Civil Procedure</u> §1094.6 . . . ."  Patel claims that Code of Civil Procedure section 1094.6 "states on its face that only sending th[is 90-day] notice ripens the matter for judicial review."  Yet,

---

        **5**  (See *Espinoza v. Hepta Run, Inc.* (2022) 74 Cal.App.5th 44, 60–61 [holding that the parties' stipulation at trial narrowed the scope of the issues that the defendants were entitled to raise on appeal].)

14

the text of the statute provides only that a "petition for writ of mandate" seeking "[j]udicial review of any decision of a local agency" "shall be filed not later than the 90th day following the date on which the decision becomes final." (See Code Civ. Proc., § 1094.6, subds. (a)–(b).) This provision does not address the prerequisites to a municipality's suit for the collection of unpaid taxes. (See *id.*) Thus, Patel has not shown that the trial court should have dismissed the instant action pursuant to Code of Civil Procedure section 1094.6.

Similarly, Patel suggests that *City of Oakland v. Hotels.com LP* (9th Cir. 2009) 572 F.3d 958, supports his contention that the City failed to exhaust its administrative remedies before filing suit. There, a panel of the Ninth Circuit Court of Appeals concluded that dismissal of the City of Oakland's tax collection case was proper because the municipality had not assessed the tax and permitted the defendants to challenge that assessment via the administrative process. (See *City of Oakland*, at pp. 960–962.)

Conversely, Patel implicitly concedes the City did in fact assess the tax at issue,[6] and he does not dispute the City's assertion that "[t]he assessment was affirmed in full at [two] levels of administrative review"—i.e., by an assessment review officer and a board of review.[7] Further, as we explained in Discussion, part B, *ante*, Patel does not contest the trial court's finding that the City has in place the administrative review

---

[6] (See *Artal*, *supra*, 111 Cal.App.4th at p. 275, fn. 2.)

[7] (See *Rudick*, *supra*, 41 Cal.App.5th at pp. 89–90 [concluding that the appellants made an implicit concession by "failing to respond in their reply brief to the [respondent's] argument on th[at] point"].)

15

procedures approved in *Chodos*. *Chodos* observed that under the Los Angeles Municipal Code, the administrative review process is complete once the board of review has issued its decision. (See *Chodos*, *supra*, 195 Cal.App.4th at pp. 677–678.) Because Patel does not explain why the City's assessment of the tax and its affirmance thereof at two levels of review (including at the board of review stage) fell short of exhausting its administrative remedies, Patel fails to overcome the presumption of correctness afforded to the trial court's judgment. (See *Los Angeles Unified School Dist.*, *supra*, 57 Cal.App.5th at p. 492.)

Next, Patel relies upon an exemption to the TOT for " '[a]ny person to whom rent is charged at the rate of $2.00 per day or less.' " (Quoting § 21.7.4, subd. (d).) He avers that "[t]he homeless individuals in this TOT issue were not charged anything"; "[r]ather, it was the County that paid for their rooms." Patel also asserts "the City could not directly tax the County as a subdivision of the State of California . . . ."

Patel's attempt to invoke section 21.7.4, subdivision (d)'s exemption fails because he does not provide any record citations to support his claim that he charged rent to only the County, and not the hotel guests at issue. (See *Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 590, fn. 8 ["[C]ourts will decline to consider any factual assertion unsupported by record citation at the point where it is asserted."].) Patel's assertion that the City could not directly tax the County also has no apparent relevance to this case, given that the TOT is a liability imposed on the transient and not on the entity subsidizing the hotel stay. (See § 21.7.3 ["For the privilege of occupancy in any hotel, *each transient* is subject to and shall pay a tax . . . . Said

16

tax constitutes a debt *owed by the transient* to the City," italics added].)

Lastly, Patel claims that the Court of Appeal in *City of San Bernardino Hotel/Motel Assn. v. City of San Bernardino* (1997) 59 Cal.App.4th 237, found a "transient occupancy tax ordinance facially unconstitutional on 'void for vagueness' federal due process grounds for failing to properly define the distinction between 'transient' occupants subject to the tax and 'permanent' occupants not subject to the tax." Patel does not clarify whether he is raising a vagueness challenge to the ordinance authorizing the TOT, nor does he otherwise explain the relevance of *City of San Bernardino Hotel/Motel Assn.* to this appeal. Accordingly, we do not address this issue further. (See *Hodjat*, *supra*, 211 Cal.App.4th at p. 10 ["[A]n appellant is required to not only cite to valid legal authority, but also explain how it applies in his case."].)

## DISPOSITION

The judgment is affirmed.  Respondent City of Los Angeles is awarded its costs on appeal.

NOT TO BE PUBLISHED.

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

CRANDALL, J.*

---

\* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

18